UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLARD SANTOS,

v.   Case No. 2:95-cr-1-FTM-29DNF
     2:02-cv-103-FTM-29DNF

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant Willard Santos' request for a certificate of appealability. (Doc. cr-693). Santos signed the document May 5, 2006.

Background

This Court denied Santos' 28 U.S.C. § 2255 motion to vacate, aside, or correct an allegedly illegal sentence on October 20, 2004. (Doc. cr-686). The docket sheet shows that a copy of the order was mailed to Santos on October 24, 2004.

The order denying the motion to vacate instructed the Clerk to enter judgment in the civil case and to close the civil case. Because of clerical error, judgment was not entered until February 25, 2005. The docket sheet shows that a copy of the judgment was mailed to Santos on that date. (Doc. cv-5; cr-689). Therefore, Santos' time to file an appeal began to run on February 25, 2005, and he had 60 days from February 25, 2005, or until April 26, 2005, to file a Notice of Appeal of the denial of the motion to vacate.

Santos did not file a Notice of Appeal. Instead, in mid-March 2005, he sent this Court a certified letter requesting a copy of the docket sheet and a copy of the order dated October 20, 2004. The docket sheet shows that a second copy of the October 20, 2004, order denying the 2255 motion and copies of the docket sheets were sent to Willard Santos, #82336-054, United States Penitentiary, P.O. Box 1000, Lewisburg, PA 17837 on March 14, 2005.

On May 5, 2006, Santos signed a request for issuance of certificate of appealability. with a memorandum in support of the request, and he mailed the documents to the United States District Court for the Middle District of Florida, Ft. Myers Division. The documents were filed and docketed on May 16, 2006. (Doc. cr-693; cr-694)  In the memorandum, Santos seeks equitable tolling so that he can file a belated appeal of the denial of his motion to vacate.

Santos admits that a copy of the judgment was mailed to him in March 2005. (Doc. cr-694).  He alleges that he mailed, by certified mail, a Request for Certificate of Appealability to this Court on March 27, 2005, and a Request for a Certificate of Appealability to the Court of Appeals for the Eleventh Circuit on June 30, 2005.  However, neither the district court nor the Court of Appeals[1] has any record of Santos' filing a Notice of Appeal or Request for Certificate of Appealability prior to May 5, 2006.  Therefore, the present request for certificate of appealability, signed May 5, 2006, is untimely.

Even if the request for certificate of appealability were timely, the request would be denied.

---

[1] Santos submitted letters from the Eleventh Circuit stating that that Court had not received Santos' application for certificate of appealability and that no case was pending for him.

To merit a certificate of appealability, Defendant must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he seeks to raise.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 475 (2000).  Defendant has failed to meet this standard.  Therefore, Defendant has failed to satisfy the Slack test. See also, Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000).

Accordingly, the Court orders:

That Santos' request for issuance of a certificate of appealability (Doc. cr-693) is denied as untimely and without merit.

ORDERED at Tampa, Florida, on May 19, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Douglas Molloy

Willard Santos