UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO: 2:95-cr-1-JES-NPM

WILLARD SANTOS
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Compassionate Release (Doc. #724) filed on November 2, 2020. Willard Santos (defendant or Santos), initially proceeding *pro se* and now with court-appointed counsel, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). The United States' Response (Doc. #729) opposing the motion was filed on February 10, 2021. For the reasons set forth below, defendant's motion is granted.

**I.**

Santos was indicted in 1995 on various drug counts, convicted by a jury on all counts in 1997, and granted a new trial in 1999. (Doc. #727, Presentence Report, ¶ 1.) On August 25, 1999, a five-count Fourth Superseding Indictment was filed. Later in 1999, Santos was convicted after a jury trial on two of the counts – conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine trial. (Id., ¶¶ 1,

3, 6.) The District Judge entered a Judgment of Acquittal as to Counts Two, Four, and Five. (Id., ¶ 6.) The indictment charged that each offense involved five kilograms or more of a detectable amount of cocaine. (Doc. #514.) The statutory maximum penalties were enhanced pursuant to 21 U.S.C. § 851 to a mandatory life imprisonment. (Doc. #727, ¶ 6.) At sentencing Santos was held responsible for 50 kilograms of cocaine (id., ¶¶ 22, 37), was considered the organizer or leader of well over five participants in the conspiracy (id., ¶ 40), and was a career offender based upon two prior drug felony convictions (id., ¶ 45). Defendant was fifty years old when sentenced, was in good health, and had never suffered from any chronic or serious illness or injury. (Id., p. 6 & ¶ 61.) Defendant was sentenced to the statutory mandatory minimum life imprisonment on both counts, followed by ten years of supervised release. (Id., p. 6.)

Defendant's convictions and sentences were affirmed on direct appeal. (Doc. #656.) Santos filed a motion to vacate under 28 U.S.C. § 2255, which was denied on October 20, 2004. (Doc. #686.)

## II.

It is well established that a district court has no inherent authority to modify a defendant's sentence after it has been imposed and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). One such statute is Title 18, United States Code, Section 3582(c).

In 2018, Congress enacted the First Step Act which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. See First Step Act § 603. The current version of the statute provides in relevant part:

> (c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

Thus, as a pre-condition to proceeding in Court, a defendant must first ask the Bureau of Prisons (BOP) to bring a motion on his or her behalf. The defendant can file a motion for compassionate relief on his or her own behalf only if (1) the BOP refuses to bring the motion and the defendant has exhausted all administrative remedies, or (2) there is a 30-day lapse from the receipt of the request by the Warden. United States v. Klatch, 833 F. App'x 817, 818 (11th Cir. 2021). Failure to satisfy this pre-condition can result in the dismissal or denial of a motion for compassionate release.

If that condition precedent is satisfied, a three-step test has been developed, modeled after the approach taken in Dillon v. United States, 560 U.S. 817 (2010):

> The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1. See U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to

- 4 -

> determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 560 U.S. at 827, 130 S. Ct. 2683.13 At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." Id.

United States v. Jones, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (footnotes omitted). See also United States v. Elias, 984 F.3d 516, 518 (6th Cir. 2021); United States v. Hampton, 985 F.3d 530, 532 (6th Cir. 2021). The Eleventh Circuit has recited a similar process, although not in a published opinion. See United States v. Klatch, 833 F. App'x 817, 818 (11th Cir. 2021); United States v. Mantack, 833 F. App'x 819 (11th Cir. 2021); United States v. Gist, 20-13481, 2020 WL 7227282, at *1 (11th Cir. Dec. 8, 2020); United States v. Monaco, 832 F. App'x 626, 629 (11th Cir. 2020). The movant bears the burden of proving entitlement to relief under § 3582. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

### III.

**A. Satisfaction of Condition Precedent**

While the government disagrees with Santos' assertion that he has exhausted his administrative remedies (Doc. #724, p. 2), the government concedes that Santos made two requests for compassionate release which were pending for more than 30 days without a response. (Doc. #729, pp. 10-11.) The government,

therefore, asserts that the Court should entertain Santos' motion for compassionate release.  (Id. at 11.)  The Court agrees.

### B. Step 1: Extraordinary and Compelling Reason

At the first step, Santos must establish that an extraordinary and compelling reason warrants a sentence reduction.  Santos asserts that the extraordinary and compelling reason in his case is the COVID-19 pandemic coupled with his age and unique personal health issues.  The government responds that neither COVID-19 nor potential exposure to COVID-19 is an extraordinary and compelling reason to grant compassionate release, and that Santos does not have health conditions severe enough to increase his risk of severe illness from the virus.

Santos is 71 years old, has been imprisoned for approximately 23 years, and has no release date.  Santos is currently incarcerated at USP Atwater in Atwater, California.  As the government recognizes, "COVID-19 is a dangerous illness that, in a short time, has caused many deaths in the United States and a massive disruption to our society and economy."  (Doc. #729, p. 2.)  The BOP has been impacted by COVID-19, and the government has summarized the BOP's response.  (Id. at 3-8.)  While the BOP has received and administered vaccines, the facility housing Santos has not received any vaccine doses.  (Id. at 5.)  As of earlier this month, that facility has 40 reported COVID-19 cases, and 337 inmates and staff had recovered from COVID-19.  (Id. at 14-15.)

Santos was screened in December 2020 and tested negative for COVID-19. (Id. at 15.)

The government has submitted a copy of Santos' medical records under seal. Santos has been diagnosed with type-II diabetes, hypertension, and heart disease by the BOP and is receiving care for those conditions. As the government notes, according to the Center for Disease Control (CDC), diabetes and heart disease each place Santos at an increased risk of severe illness from the virus that causes COVID-19.[1] (Id. at 12.) The government acknowledges that because of these two risk factors "at this time Santos' ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished, within the environment of a correctional facility, by the chronic conditions themselves." (Id. at 12.)

The Court agrees with the government that COVID-19 is not itself an "extraordinary and compelling reason" to grant compassionate release. However, Santos' motion is not based upon COVID-19 alone, but COVID-19 coupled with his advanced age (71 years old) and the undisputed presence of two risk factors which place him at a substantially increased risk. The Court finds that defendant has established an extraordinary and compelling reason

---

[1] The BOP clinical notes also reflect that defendant has hypertension, hyperlipidemia, hypermetropia, and issues with cataract, astigmatism, and presbyopia. (Doc. #732, p. 19.)

for a sentence reduction based on COVID-19, his age of 71 years, the medically documented presence of two chronic health issues which the CDC identifies as increasing the dangers of COVID-19, and the government concedes "substantially diminished" defendant's ability to function in a prison environment.

### C. Step 2: Applicable Policy Statements of Sentencing Commission

At step two, defendant must show that the requested sentence reduction would be consistent with applicable policy statements issued by the Sentencing Guidelines Commission. The key word in this sentence is "applicable." The Eleventh Circuit has noted that § 1B1.13 has not been amended since enactment of the First Step Act, and refers only to a sentence reduction upon a motion from the BOP Director. United States v. Gist, 20-13481, 2020 WL 7227282, at *1 (11th Cir. Dec. 8, 2020). The Eleventh Circuit has not decided in a published opinion whether these policy statements are "applicable" to a compassionate release motion filed by the inmate. United States v. Tallon, __ F. App'x __, 2021 WL 727806 at *1 (11th Cir. Feb. 25, 2021). Four other Circuits have held that U.S.S.G. § 1B1.13 is not "applicable" in such a situation. Jones, 980 F.3d at 1108-11 (6th Cir.); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. McCoy, 981 F.3d 271, 281-82 (4th Cir. 2020). These cases have held that the district

court has full discretion to define "extraordinary and compelling" without consulting the policy statement § 1B1.13. <u>Jones</u>, 980 F.3d at 1111; <u>Hampton</u>, 985 F.3d at 532. The Court agrees with this line of authority, and therefore skips step two in this case.

### D. Step 3: Section 3553(a) Factors

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: (1) reflecting the seriousness of the offense, (2) promoting respect for the law, (3) providing just punishment, (4) deterring future criminal conduct, (5) protecting the public, and (5) providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). The district court must consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. <u>Id.</u> The weight given to any of the § 3553(a) factors is committed to the district court's sound discretion. <u>United States v. Croteau</u>, 819 F.3d 1293, 1309 (11th Cir. 2016).

Some of defendant's current circumstances are the same as at the original sentencing and some are different. Defendant was convicted of two serious cocaine offenses; he was the organizer and leader of the charged conspiracy; he was deemed to be a career

offender; the conspiracy involved a substantial amount of cocaine (50 kilograms); and he had been a fugitive for two years. These factors remain unchanged.

On the other hand, defendant is now 71 years old, and his prior good health has been replaced with two serious chronic health conditions. Defendant has served about 23 years imprisonment. Defendant's family members have offered support in defendant's transition to life outside of prison.

Defendant's criminal history was substantially overstated. Defendant had two prior felony drug convictions, one of which resulted in a probation sentence and one of which resulted in a sentence which was effectively seven months imprisonment. On their own, these two convictions would have resulted in a Criminal History Category I. The criminal history category was bumped up to Category III because of recency and supervision factors, and then bumped up to Category VI because of the career offender designation. The two convictions also resulted in an enhanced statutory mandatory minimum under 21 U.S.C. § 851. The Court does not agree with defendant's argument that there was sentencing disparity in this case, or with the idea that the motion may be used to fix an unfair sentence. Nonetheless, the criminal history is a § 3553(a) factor to be considered.

After considering the goals of sentencing and all the § 3553(a) factors, the court finds that a sentence of approximately

23 years imprisonment is sufficient but not greater than necessary under all the facts and circumstances of the case. Defendant's motion is therefore granted to the extent set forth below.

Defendant attached a notarized letter from his brother indicating that he has an extra bedroom in Waterbury, Connecticut and that it is available for his brother if he is released. Maria Santos Rios indicates that the family is willing and able to support defendant. (Doc. #724, p. 11.) Defendant also attached a letter from long-time friends in New York who are also offering a home and support. (Id., p. 13.)

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Compassionate Release (Doc. #724) is **GRANTED**. Defendant's sentence is reduced to a term of **time served, plus the previously imposed ten years of supervised release**. The order is stayed up to twenty-one (21) days for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than

twenty-one (21) days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

2. All other terms of the original Judgment, including the ten-year term of supervised release, shall remain the same. The Clerk shall enter an amended judgment.

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of February, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record
U.S. Probation
BOP